ment and that the wages had been paid to the employee, *held* that a direction of a verdict for defendant was proper where there was no competent evidence to show notice to the defendant of the assignment.

2. NOTICE, § 51*—*when foundation for reception in evidence of copy of mailed notice insufficient.* In an action to recover on an assignment of wages, a copy of a notice of the assignment claimed to have been served on the defendant by mail *held* properly excluded, for the reason there was no proper foundation laid for its introduction, where there was no evidence offered to show that the copy of the notice was inclosed in an envelope directed to defendant with a proper amount of postage thereon and deposited in a place for the receiving of United States mail.

3. NOTICE, § 51*—*when registry receipt for letter insufficient to prove mailed notice.* A post office registry receipt for a letter in which it is claimed a notice to the sendee was inclosed, does not of itself prove what was received.

---

## M. Weinstein, Appellant, v. Pete Garcinski, Appellee.

## (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by M. Weinstein against Pete Garcinski, to recover the sum of $100 claimed to be due from defendant to plaintiff. The claim arose out of a transaction regarding checks received by plaintiff from defendant. It appeared that defendant brought a number of checks which he had cashed for other parties to plaintiff's place of business and told the plaintiff that he needed more funds to cash checks and that the plaintiff took the checks, which he claims amounted to $452.45, and defendant claims amounted to $552.37; that plaintiff gave to defendant at that time $300 in cash; that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CLXXXVIII 23

later the wife of defendant called for the balance and plaintiff informed her that he had not obtained the cash on the checks and at her request gave her $245.12 in checks and $7.33 in cash. Plaintiff claims the understanding was that she was to return and pay him in cash the sum of $100, but this is denied by defendant.

The suit was originally commenced before a justice of the peace and plaintiff had judgment. An appeal was taken to the City Court of East St. Louis where upon a trial before a jury a verdict was returned in favor of defendant and judgment was entered on the verdict and against the plaintiff for costs. To reverse the judgment, plaintiff appeals.

ALEXANDER FLANNIGEN and JESSE M. FREELS, for appellant.

J. E. GRACE, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 390*—*when question asked of party not objectionable as calling for conclusion.* In an action to recover a certain sum claimed to be due to plaintiff from defendant, where the defendant was permitted to be asked the question, "Do you owe plaintiff anything now?" and defendant answered, "I don't owe one penny," *held* that the question was not objectionable as calling for a conclusion of the witness on the issue, since it is proper for defendant as a party to the suit to deny the claim of plaintiff in as broad terms as the plaintiff made his claim.

2. APPEAL AND ERROR, § 1523*—*when error in instruction will not reverse.* The giving of an instruction which is improper for the reason it calls upon the jury to determine what are the material issues in the case, *held* not reversible error where the issues were simple and it appeared that substantial justice had been done.

3. APPEAL AND ERROR, § 1401*—*when verdict will not be disturbed.* The Appellate Court will not set aside a verdict on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FOURTH DISTRICT—JULY, 1914.     355

Kennedy v. Chicago and Carterville Coal Co., 188 Ill. App. 355.

ground that the jury have reached a wrong conclusion as to the facts or a different conclusion than that entertained by the court, unless the record shows that the verdict is against the clear preponderance of the evidence.

## James C. Kennedy, Administrator, Appellee, v. Chicago and Carterville Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1914. Reversed with finding of fact. Opinion filed July 28, 1914.

## Statement of the Case.

Action by James C. Kennedy, administrator of the estate of John S. Kennedy, deceased, against the Chicago and Carterville Coal Company to recover damages for the death of plaintiff's intestate alleged to have resulted from the fall of slate and rock from the roof of the defendant's mine while deceased was assisting other servants in taking down a certain low portion of the roof. The jury returned a verdict in favor of plaintiff for three thousand dollars. To reverse the judgment entered on the verdict, defendant appeals.

This case has been tried twice and submitted to two juries upon the same declaration, the jury on each trial returning a verdict in favor of plaintiff for three thousand dollars.

This is the second appeal to the Appellate Court by the appellant. The opinion on the former appeal appears in 180 Ill. App. 42, and the statement of facts as appears in that opinion, and also the opinion is adopted by the Appellate Court on this appeal, the evidence